IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS SILVERA OSLEY | ) | CASE NO. 3:14 CV 980 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| EDWARD SHELDON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Luis Silvera Osley for a writ of habeas corpus under
28 U.S.C. § 2254.[2]  Osley is currently incarcerated by the State of Ohio at the Toledo
Correctional Institution.[3] He is serving a prison term of 23 years imposed in 2011 by the
Lucas County Court of Common Pleas after accepting Osley's guilty plea to the charges of
involuntary manslaughter with firearm specifications and aggravated robbery.[4]

In his petition, Osley raises five grounds for habeas for relief.[5] The State, in its return
of the writ, contends that Grounds One, Two and Three are non-cognizable, and Ground Five

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Dan Aaron Polster by non-document order dated September 16, 2014.

[2] ECF # 1; *see* 28 U.S.C. 2254 (2012).

[3] *Id.* at 1.

[4] *Id.*

[5] *Id.*

is procedurally defaulted.[6] The state also contends that the remaining claim, Ground Four, should be denied as without merit. Osley has filed a traverse.[7]

For the reasons that follow, I will recommend Osley's petition be dismissed in part and denied in part.

## Facts

### A.    Background facts, trial and sentencing

The relevant facts found by the Ohio appeals court emerge from its review of the record.[8]

A grand jury indictment returned on December 21, 2010 charged Osley with one count of aggravated murder and one count of aggravated robbery with firearm specifications.[9] The charges against Osley stemmed from the December 11, 2010 robbery and shooting death of William Carswell, an employee working at Main Street Exchange in Toledo, Ohio.

A subsequent information charged Osley with one count of involuntary manslaughter, with a firearm specification, and one count of aggravated robbery.[10] On September 20, 2011,

------

[6] ECF #7.

[7] ECF #10.

[8] ECF # 7-2 at 89.

[9] *Id*. at 90.

[10] *Id*.

following extensive plea discussions and a plea hearing, Osley entered an *Alford* plea[11] to the charges in the information. Under the plea agreement, a nolle prosequi as to the charges in the indictment was entered.[12]

On September 26, 2011, the court sentenced Osley to the maximum of ten years imprisonment for involuntary manslaughter, ten years imprisonment for aggravated robbery, and three years imprisonment for the firearm specifications.[13] The judgment ordered the sentences to be served consecutively.[14]

## B.  Direct Appeal

### 1.  *Ohio Court of Appeals*

Osley, through new counsel filed a timely[15] notice of appeal[16]  with the Ohio Court of Appeals.  In his brief, Osley raised the following four (4) assignment of error:

1.      The trial court erred in sentencing appellant to maximum consecutive sentences.

---

[11] "A guilty plea that a defendant enters as part of a plea bargain without admitting guilt." Garner, Black's Law Dictionary at 86 (10th Ed. 2014). *See*, *North Carolina v. Alford*, 400 U.S. 25 (1970).

[12] *Id*.

[13] *Id.*

[14] *Id.*

[15]  Under Ohio App. R. 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed.  See also, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan.18, 2007). Osley's conviction and sentence were journalized on September 26, 2011(*Id.* at 9) and his appeal to the Ohio court of appeals was filed on September 29, 2011.

[16]  *Id.* at 12.

2.    The trial court committed plain error in sentencing appellant to consecutive sentences as they were allied offenses of similar import.

3.    The trial court erred in failing to adequately determine whether the appellant's guilty plea pursuant to *North Carolina v. Alford* was entered knowingly, intelligently, and voluntarily.

4.    Appellant was denied effective assistance of counsel.

After filing the appellee's brief, Osley's counsel moved to withdraw under *Anders v. California.*[17]  In the interim, the state filed a brief in response.[18]  Osley, pro se, filed a motion for new counsel and an extension of time to file a brief.[19]  The state Court of Appeals denied Osley's motion for assignment of new counsel, but granted Osley an extension of time to file a brief.[20]  In his *pro se* brief,[21] Osley set forth the following four (4) assignments of error:

1.    The trial court committed plain error in failing to determine whether appellant's offenses were allied offenses of similar import.

2.    The trial court committed plain [error][*sic*] in sentencing appellant to consecutive sentences as they were allied offenses of similar import.

3.    The court erred in violation of appellant's constitutional guarantee to due process in failing to adequately determine whether appellant's guilty plea [pursuant to North Carolina v. Alford] was entered knowingly, intelligently and voluntarily.

---

[17] *Id*. at 25,  *Anders v. California*, 386 U.S. 738 (1967).

[18] *Id*. at 29.

[19] *Id*. at 34.

[20] *Id*. at 37.

[21] *Id*. at 39.

4.      Appellant was denied his Constitutional Guarantee to Effective Assistance of Counsel.

The state filed a brief in response to Osley's *pro se* brief.[22]  Counsel for Osley filed an amended brief pursuant to *Anders v. California*.[23]  The state filed an response to the amended brief.[24] On March 29, 2013, the Ohio Court of Appeals overruled Osley's assignments of error and affirmed the judgment of the trial court.[25]

## 2.      *Supreme Court of Ohio*

Osley, *pro se*, thereupon filed a timely[26] notice of appeal with the Ohio Supreme Court.[27] In his memorandum in support of jurisdiction, Osley raised the following five (5) propositions of law:

1.      The Constitutional Guarantee to Due Process & Equal Protection [***] is violated when the trial court commits plain error in failing to determine whether appellant's offenses were allied offenses of similar import.

---

[22] *Id.* at 55.

[23] *Id*. at 67.

[24] *Id*. at 83.

[25] *Id* at 89.

[26] *See* Ohio S.Ct.Prac.R. 2.2(A)(1)(a) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.);  *See also, Applegarth v. Warden*, 377 F.Appx. 448, 450 (6th Cir.2010) (discussing 45 day limit) (unreported case). Here, the appellate judgment was entered on March 29, 2013, and the notice of appeal filed in the Supreme Court on May 10, 2013.

[27] *Id* at 100.

2.      The Constitutional Guarantee against Double Jeopardy [***] is violated when the trial court commits plain error in sentencing appellant to consecutive sentences for allied offenses of similar import.

3.      The Constitutional Guarantee to Due Process & Equal Protection [***] is violated when the trial court errs in failing to adequately determine whether appellant's guilty pleas [***] was entered knowingly, intelligently, and voluntarily.

4.      The Constitutional Guarantee to Effective Assistance of Counsel [***] is violated when court-appointed trial or appellate counsel fails to compel the trial court or appellate court to comply with the Double Jeopardy prophylactic requirements of §2941.25.

5.      The Constitutional Guarantee to Due Process, Equal Protection, the prohibition against Double Jeopardy, and Effective Assistance of Counsel [***] is violated & denied by the Court of Appeal's arbitrary disregard of the Court's applicable ruling in Johnson [942 N.E.2d 1061].

The state filed a waiver of memorandum in response.[28] On July 24, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.C.Prac.R. 7.08(B)(4).[29]

## C.      Federal Habeas Corpus Petition

On May 6, 2014, Osley, *pro se*, timely filed[30] a federal petition for habeas relief.[31]

Osley raises five (5) grounds for relief:

---

[28] *Id*. at 103.

[29] *Id*. at 135.

[30] The present petition for federal habeas relief was filed on May 6, 2014 (ECF #1). As such, it was filed within one year of the conclusion of Osley's direct appeal in the Ohio courts and so it is timely under 28 U.S.C. § 2254(d)(1).

[31] ECF #1.

-6-

GROUND ONE:      The Constitutional Guarantee to Due Process & Equal Protection is violated when the trial court commits plain error in Petitioner to consecutive sentences for allied offenses of similar import.

Supporting Facts:   Upon review of the Petitioner's sentencing journal entry, the trial court never affirmatively concluded that Petitioner independently committed involuntary manslaughter as a separate offense from aggravated robbery, which may otherwise support finding a separate animus required . . . to sustain separate convictions and sentences.

GROUND TWO:      The Constitutional Guarantee against Double Jeopardy is violated when the trial court commits plain error in sentencing a defendant to consecutive sentences for allied offenses of similar import.

Supporting Facts:   Petitioner never was charged, indicted, or pled to, nor was he found guilty of the commission of the charge of felonious assault as determined by the Court of Appeals by "why it cannot say the trial court erred" in determining that there was a separate animus.

GROUNG THREE:  The Constitutional Guarantee to Due Process and Equal Protection is violated when the trial court errs in failing to adequately determine whether a defendant's guilty pleas was entered knowingly, intelligently, and voluntarily.

Supporting Facts:   A review of the record reveals that during Petitioner's plea hearing, there was (1) no mention by the trial court or notice of whether Petitioner's offenses were allied; or (2) whether Petitioner knew and understood that he was pleading to "multiple counts" (based on the same conduct) that otherwise required the court to make the applicable determination and thereby merge.

GROUND FOUR:    The Constitutional Guarantee to Effective Assistance of Counsel is violated when court-appointed trial counsel failed to compel the trial court or appellate court to comply with the Double Jeopardy prophylactic requirement of R.C. 2941.25.

Supporting Facts:   Court appointed Trial and Appellate counsel both failed to compel the trial and appellate courts to comply with the law.

GROUND FIVE:    The Constitutional Guarantee to Due Process, Equal Protection, and the prohibition against Double Jeopardy, and Effective Assistance of

Counsel is violated and denied by the Court of Appeals' arbitrary disregard of the law which relied on Federal Constitutional analysis.

Supporting Facts:    According to the record, nothing (as indicated by the State) substantiates that Petitioner possessed an intent separate from the robbery.

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Osley is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[32]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[33]

3.    In addition, Osley states,[34] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[35]

4.    Moreover, subject to the procedural default arguments raised by the State, it appears that these claims have been totally exhausted in Ohio

---

[32] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[33] 28 U.S.C. § 2254(d)(1); *Bronaugh*, 235 F.3d at 283-84.

[34] *See*, ECF # 1 at 12.

[35] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[36]

5.      Finally, Osley has not requested appointment of counsel,[37] he has requested an evidentiary hearing to develop the factual bases of his claims.[38] However, the evidentiary hearing was requested in his traverse[39] and not in his original petition.  New issues may not be raised in the traverse.  "[A] court cannot consider new issues raised in a traverse or reply to the State's answer."[40]  Thus, this Court need not address this request.

## B.      Standards of review

## 1.      *Procedural Default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[41]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[42]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[43]  This requires a petitioner to go through "one

---

[36] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[37] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[38] 28 U.S.C. § 2254(e)(2).

[39] ECF #10, at 8.

[40] *Burns v. Laffer*, 328 F. Supp.2d 711, 724 (E.D. Mich. 2004), *see Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009).

[41] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[42] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[43] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

complete round" of the state's appellate review process [44] presenting his or her claim to "*each* appropriate state court."[45]   A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[46]

When a state asserts that a violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[47]   A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[48]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[49]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[50]

---

[44] *Boerckel*, 526 U.S. at 845.

[45] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[46] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[47] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[48] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[49] *Id.* (citing *Maupin*, 785 F.2d at 138).

[50] *Id.*

-10-

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[51] that is both 'firmly established and regularly followed.'"[52]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[53]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[54]  In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[55]

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[56]

---

[51] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[52] *Id.* (itation omitted).

[53] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[54] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[55] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 175 (1982) (emphasis in original).

[56] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[57]

## 2.  Non-Cognizable Claims

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[58] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[59]  In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[60]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[61]  The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate

---

[57] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[58] 28 U.S.C. § 2254(a).

[59] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[60] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[61] *Estelle*, 502 U.S. at 67-68.

-12-

the "fundamental fairness" of a trial.[62]  Specifically, such violations are restricted to offenses

against "'some principle of justice so rooted in the traditions and conscience of our people

as to be ranked as fundamental.'"[63]

   The petitioner bears the burden of showing a violation of a principle of fundamental

fairness.[64] In so doing, the federal habeas court must follow the rulings of the state's highest

court with respect to state law[65] and may not second-guess a state court's interpretation of

its own procedural rules.[66]  Further, while in general distinct constitutional claims of trial

error may not be cumulated to grant habeas relief,[67]  the Sixth Circuit has recognized that

"'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when

considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[68]

### 3.   AEDPA review

   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[69] codified

at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas

---

   [62] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

   [63] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

   [64] *Id.*

   [65] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

   [66] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

   [67] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

   [68] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

   [69] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

corpus.[70]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[71]

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[72] and "difficult to meet,"[73] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[74]

## 1.    "Contrary to" or "Unreasonable Application of" Clearly Established Federal Law

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[75]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[76] (1) in circumstances where

---

[70]  *See* 28 U.S.C. § 2254 (2012).

[71]  28 U.S.C. § 2254(d) (2012).

[72]  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[73]  *Id.* (citation omitted).

[74]  *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[75]  *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[76]  *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[77] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[78]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[79]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[80]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[81]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[82]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's

---

[77] *Id.*

[78] *Id.*

[79] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[80] *Id.*

[81] *See id.*

[82] *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

-15-

application was objectively unreasonable.[83]   A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[84]   To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[85] Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

### 2.     "Unreasonable Determination" of the Facts.

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[86]   Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[87] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[88] While such deference to state court determinations does not amount to an "abandonment or

---

[83] *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[84]  *Id.*

[85]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[86]  *Brumfield*, 135 S.Ct. at 2277.

[87] 28 U.S.C. § 2254(e)(1) (2012).

[88]  *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

abdication of judicial review"or "by definition preclude relief,"[89] it is indeed a difficult standard to meet.  "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[90]

## C.    Application of standards

### 1.    Ground One should be dismissed as a non-cognizable state law claim

Ground One, which contends that consecutive sentences for allied offenses violate due process and equal protection, and Ground Two, which argues that consecutive sentences imposes double jeopardy, should both be dismissed as non-cognizable state law claims.

As the United States Supreme Court noted in *Oregon v. Ice*,[91] state legislatures have historically had the responsibility for determining whether multiple sentences for discrete crimes should be served consecutively or concurrently.[92]  In that regard, and when addressing the sentencing schemes of the various states, federal courts "remain cognizant that administration of a discrete criminal justice system [by the state] is among the basic

---

[89] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[90] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

[91] 555 U.S. 160 (2009).

[92] *Id.* at 169.

sovereign prerogatives States retain."[93] Thus, a state legislative scheme that "makes consecutive sentences the rule, and concurrent sentences the exception, encounters no Sixth Amendment shoal."[94]

Because the imposition of consecutive sentences here was as a result of Ohio law, not itself in violation of the Constitution, Osley's claim in Ground One that such a sentence is unconstitutional has no merit. Further, to the extent that Osley claims the imposition of consecutive sentences in any other way merely violates Ohio law, such a claim is not cognizable in this Court.[95]

Accordingly, I recommend that Ground One be dismissed as stating a non-cognizable state law claim.

2.     Ground Two should be dismissed as a non-cognizable claim

Similarly, Ground Two, which arises from the same facts as the prior ground for relief, but argues that the Double Jeopardy clause was violated, should also be dismissed as stating a non-cognizable claim.

First, the Double Jeopardy clause essentially prevents a sentencing court from prescribing a greater punishment than the legislature provided. The Double Jeopardy clause

---

[93] *Id*. (citation omitted).

[94] *Id*. at 172.

[95] *Wilson v. Corcoran*, 562 U.S. 1, 131 (2010); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

-18-

does permit multiple punishments for the same conduct if the legislature has so provided and recognizes no exception for necessarily included or overlapping offenses.[96]

In Ohio, the Sixth Circuit, citing the Supreme Court of Ohio, has determined that Ohio's General Assembly "permits multiple punishments if the defendant commits offenses of dissimilar import. If, however, the defendant's actions constitute two or more allied offenses of similar import, the defendant may only be convicted (specifically, found guilty and punished) of only one. But, if offenses of similar import are committed separately or with a separate animus, the defendant may be punished for both."[97]

In assessing the intent of the state legislature as to multiple punishment for the same conduct, a federal habeas court is bound by the state's construction of its own statutes.[98] Thus, once a state court has determined that the state legislature intended cumulative punishments for a single criminal incident, the federal habeas court is bound by that determination.[99]

In this case, the state appeals court applied Ohio law in considering whether the conduct by Osley can be construed as allied offenses of similar import subject to merger, or if the conduct resulted in the commission of dissimilar offenses, or that the offenses were

---

[96] *White v. Howes*, 586 F.3d 1025, 1033 (6th Cir. 2009).

[97] *Volpe v. Trim*, 708 F.3d 688, 692 (6th Cir. 2013).

[98] *Id*. at 696 (citation omitted).

[99] *Id*. (citation omitted).

committed separately or if the defendant had a separate animus for each offense.[100]  The appeals court concluded that the trial court properly found that there was a separate animus in committing involuntary manslaughter in the course of the armed robbery, and in committing the  offense of aggravated robbery.[101] Specifically, the court noted from the prosecutor's statement at the plea hearing that Osley's intent in committing the robbery was to obtain narcotics, and that Osley formed a separate intent to commit the involuntary manslaughter once the robbery was aborted by a struggle and Osley feared the imminent return of another individual.[102] Accordingly, the appeals court found no error in the trial court's decision not to merge the offenses for sentencing purposes.[103]

Based on the findings of Ohio courts that the state legislature authorized multiple punishments for offenses committed as part of the same criminal act, and that the two offenses here were each motivated by separate animus, I also recommend dismissing Ground Two as stating a non-cognizable claim.

3.   Ground Four  should be denied because the state court decision in this instance is not an unreasonable application of the clearly established federal law of *Strickland v. Washington.*

---

[100] ECF # 7, Attachment at 93-95.

[101] *Id.*

[102] *Id.*

[103] *Id.*

Ground Four asserts that both trial and appellate counsel were constitutionally ineffective for not "compel[ling]" the trial and appeals court to apply the protection of the Double Jeopardy Clause to his case.

Preliminarily, as the State observes, the purported factual predicate of this claim is incorrect. To the extent that the claim rests on the argument that neither his trial counsel nor his appellate counsel presented Osley's arguments about concurrent sentencing to the respective courts, that argument is not correct, because both counsel advanced Osely's position at sentencing and on appeal.[104] Moreover, as the State further notes, to the extent that the ineffectiveness lies in counsel's failure to "compel" the trial and appellate courts to give Osley what he sought, such a claim is without foundation because "it is impossible for counsel to compel a court to do anything."[105]

That said, even if the claim is read as leniently as possible so as to simply state an argument that neither counsel pursued this argument as diligently or as forcefully as possible, the claim cannot stand. Specifically, the state appeals court that considered the claim found that no double jeopardy violation occurred here, thus preventing any finding that counsel was ineffective.[106] In addition, the appeals court noted that trial counsel was able to effectively negotiate a plea wherein the aggravated murder charge was dismissed, together with its

---

[104]  ECF # at 13 (sentencing transcript), 32-33 (sentencing transcript), 17 (appeals brief), 67 (amended appeals brief).

[105] ECF # 7 at 14.

[106] *Id.* at 97-98.

potential for a life sentence.[107] That result, the court concluded, is evidence that Osley was "represented by competent counsel."[108]

For present purposes, it is enough to note that the first element of *Strickland*'s test for constitutional ineffectiveness of counsel requires that counsel performance was actually deficient. Only in such a situation where there has been a constitutional error does the analysis then proceed to the second prong of whether that error was prejudicial to the defendant. Both elements of the test must be present to establish that counsel was ineffective.

Here, because the state appeals court found that there was no constitutional double jeopardy error in the sentence, it properly concluded, based on the *Strickland* test, that there had been no ineffective assistance of counsel on that issue.

Accordingly, I recommend denying Ground Four after AEDPA review on the basis that the state court decision was not an unreasonable application of *Strickland*.

4.     Ground Five should be dismissed as procedurally defaulted

Ground Five argues that the state court disregarded the law in failing to rule for Osley in his appeal. Whatever the difficulties such a claim may pose in stating a claim for federal habeas relief, the State observes that Osley failed to raise this claim before the Ohio Supreme Court, and so has procedurally defaulted the claim.[109]

---

[107] *Id.*

[108] *Id.* at 98.

[109] ECF # 7 at 18.

It is well-established that the failure to raise a claim before the Ohio Supreme Court on direct appeal results in that claim be precluded from future consideration under the doctrine of *res judicata*, and that this preclusion is an adequate, independent state law ground by which a federal habeas court may find a claim to be procedurally defaulted. I also note that Osley has advanced no basis to excuse his default, nor presented any claim of actual innocence.

Consequently, I recommend that Ground Five be dismissed as procedurally defaulted.

## Conclusion

For the reasons stated, I recommend that the petition be dismissed in part and denied in part as is more fully set forth above.

Dated: January 25, 2016          s/ William H. Baughman, Jr.
                                          United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[110]

---

[110] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).