IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LUIS SILVERA OSLEY, | ) CASE NO. 3:14 CV 980 |
| | ) |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| EDWARD SHELDON, | ) |
| | ) |
| Respondent. | ) **SUPPLEMENTAL REPORT AND** |
| | ) **RECOMMENDATION** |

I now supplement the previously issued Report and Recommendation[1] concerning Luis Silvera Osley's *pro se* petition for a writ of habeas corpus.[2]

As to the third ground for relief, which asserts that Osley's guilty plea was not entered knowingly, voluntarily and intelligently, the State argues that because the Ohio appeals court found that the plea here was entered in strict compliance with the constitutional requirements of Ohio Criminal Rule 11, and in substantial compliance with its non-constitutional requirements, Ground Three should be dismissed as a non-cognizable state law claim.[3]

Federal habeas courts do not mandate that a plea of guilty in Ohio strictly comply with Ohio Criminal Rule 11 but rather that the plea be consistent with the requirements of federal constitutional due process.[4]  The applicable standard for evaluating the validity of a guilty

---

[1]ECF # 11.

[2]ECF # 1.

[3]ECF # 7 at 11-13.

[4]*Riggins v. McMackin,* 935 F.2d 790, 795 (6th Cir. 1991).

plea in the context of habeas review was articulated by the Supreme Court in *Boykin v. Alabama*.[5] There the Court held that a guilty plea is valid only insofar as it is both "voluntary" and "intelligent."[6] Or, as later stated by the Supreme Court in *North Carolina v. Alford*,[7] the standard is whether the plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[8] In order for the plea to be voluntary and intelligent a defendant must be apprised of the direct consequences of entering the plea.[9] Further, the voluntariness of the plea is determined by considering the totality of the circumstances,[10] and the production of the transcript of the plea hearing is generally sufficient to demonstrate that the plea was voluntary.[11]

Here, the transcript of the plea hearing shows that Osley signed the guilty plea that expressly informed him of the maximum sentence he could receive.[12] Moreover, the trial judge then specifically restated the length of the maximum available sentence on the record

---

[5]*Boykin v. Alabama*, 395 U.S. 238 (1969).

[6]*Id*. at 242.

[7]*North Carolina v. Alford,* 400 U.S. 25 (1970).

[8]*Id*. at 31.

[9]*Brady v. United States*, 397 U.S. 742, 755 (1970).

[10]*Id*. at 749.

[11]*McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004).

[12]ECF # 7, Attachment at 5.

during the plea colloquy.[13] Further, as the Ohio appeals court noted from its review of the plea transcript, "the [trial] court took great pains to insure that [Osley] was fully apprised of the effect of his plea and that, in fact, he desired to enter the plea."[14] The state appeals court then concluded that the trial court had strictly complied with the constitutional requirements of Ohio Criminal Rule 11 and had substantially complied with the non-constitutional requirements of that rule.[15]

Accordingly, to the degree that Ground Three here asserts a claim that the trial court did not follow Ohio Criminal Rule 11 in accepting the guilty plea, it should be dismissed as a non-cognizable state law claim. To the degree that this ground asserts a federal constitutional claim that the guilty plea was not knowing and voluntary, it should be denied after AEDPA review because the Ohio appeals court decision denying this claim was not contrary to the clearly established federal law of *Boykin* and *Alford*.


Dated: April 29, 2016                                s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[13]*Id*. at 25.

[14]*Id*. at 97.

[15]*Id*. at 96. As the State notes, a federal habeas court is bound by a state court's interpretation of its own rules. *Duffel v. Dutton*, 785 F.2d 131, 133-34 (6th Cir. 1986).

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[16]

---

[16]*See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).