**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LUIS SILVERA OSLEY,** | ) | **Case No. 3:14 cv 00980** |
| | ) | |
| Petitioner | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **EDWARD SHELDON,** | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on Petitioner Luis Silvera Osley's objections to United States Magistrate Judge William H. Baughman, Jr.'s recommendation that the instant Petition for the Writ of Habeas Corpus be dismissed in part and denied in part. For the reasons that follow, Petitioner's objections are overruled, the Magistrate Judge's recommendation is accepted, and the Petition is dismissed in part and denied in part.

**I. Procedure**

Pursuant to Local Rule 72.2(b)(2), the instant Petition for the Writ of Habeas Corpus ("Petition") was referred to Magistrate Judge Baughman for Report and Recommendation ("R&R"). On January 25, 2016, the Magistrate Judge issued an R&R recommending that the Petition be dismissed in part and denied in part. Petitioner filed timely objections on April 29, 2016. On the same day, Magistrate Judge Baughman issued a Supplemental R&R addressing Petitioner's third ground for relief, which had not been addressed in the initial R&R. Because

-1-

Petitioner had not had the opportunity to object to the Magistrate Judge's recommendation on the third ground, the Court granted Petitioner leave to file an objection to the Supplemental R&R until May 31, 2016. To date, no objection to the Supplemental R&R has been filed.

## II. Background

The procedural history of Petitioner's underlying state criminal case is ably recounted in Magistrate Judge Baughman's initial R&R and need not be repeated in great detail here. For present purposes, the case may be briefly summarized as follows. On September 20, 2011, after Petitioner waived his right to prosecution by indictment, Lucas County prosecutors charged him by information of one count of involuntary manslaughter with a firearm specification and one count of aggravated robbery. The charges were filed in connection with the shooting death of William Carswell, an employee working at Main Street Exchange in Toledo, Ohio. The same day, Petitioner entered an *Alford* plea to all counts, and, on September 26, 2011, Petitioner was sentenced to ten years incarceration for involuntary manslaughter, ten years for aggravated robbery, and three years for the firearm specification, with the sentences to be served consecutively.

On May 6, 2014, after unsuccessful appeals to the Ohio Court of Appeals and the Ohio Supreme Court, Petitioner filed a *pro se* petition for the Writ of Habeas Corpus in U.S. District Court, raising five grounds for relief. They are summarized as follows,

> 1. Due Process and Equal Protection were violated when Petitioner was given consecutive sentences for allied offenses of similar import;
>
> 2. Guarantee against Double Jeopardy was violated when Petitioner was sentenced to consecutive sentences for allied offenses of similar import;

> 3. Due process and Equal Protection were violated when the trial court failed to determine whether Petitioner's guilty pleas were entered knowingly, intelligently, and voluntarily;
>
> 4. Petitioner's Counsel was ineffective when court-appointed trial counsel failed to "compel the trial court or appellate court to comply with the Double Jeopardy prophylactic requirement of R.C. 2941.25.";
>
> 5. Right of Due Process, Equal Protection, Double Jeopardy, and Effective Assistance of Counsel were violated when the Court of Appeals arbitrarily disregarded the law.

Respondent filed a return of writ, and Petitioner filed a traverse.  As explained in the initial and supplemental R&Rs, the Magistrate Judge recommended that the Petition be dismissed in part and denied in part.  Specifically, the Magistrate Judge recommended,

> 1. Grounds One and Two should be dismissed as non-cognizable;
>
> 2. Ground Three should be denied to the extent it asserts a constitutional claim that Petitioner's guilty plea was not knowing and voluntary; it should be dismissed as non-cognizable to the extent it asserts a violation of Ohio Criminal Rule 11;
>
> 3. Ground Four should be denied because the state court of appeals decision that Petitioner's counsel was not constitutionally ineffective was not an unreasonable application of clearly established federal law;
>
> 4. Ground Five should be dismissed as procedurally defaulted because Petitioner failed to raise the claim before the Ohio Supreme Court.

Petitioner filed timely objections, which are addressed below.

### III. Standard of Review

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. *Thomas v. Arn*, 474 U.S. 140, 155

(1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991). The parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). And, "objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

### IV. Law and Argument

#### A. Grounds One and Two

Under Grounds One and Two, Petitioner alleges violations of Due Process, Equal Protection, and Double Jeopardy, based on the claim that the trial court improperly imposed consecutive sentences for allied offenses of similar import.  The Magistrate Judge, while recognizing that Grounds One and Two are labeled as federal constitutional claims, determined that the claims were non-cognizable because they relied on alleged violations of state law, not violations of the United States Constitution.  As such, the Magistrate Judge recommended that Grounds One and Two be dismissed.

Having reviewed Petitioner's objections to the Magistrate Judge's conclusion, the Court concludes they are not sufficiently specific to trigger *de novo* review of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3(b).  The Court is not obligated to consider general objections such as these. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991) (review of general objections "wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.").  To the extent that Petitioner presents a specific objection, it is overruled because all Petitioner's arguments again relate to alleged violations of state law, not federal law.

**B. Ground Three**

In Ground Three, Petitioner argues that his federal constitutional rights were violated because his guilty plea was not entered knowingly and voluntarily. Petitioner further asserts that the plea came in violation of Ohio Criminal Rule 11. In the Supplemental R&R, the Magistrate Judge recommended that Petitioner's claim based on the federal constitution be denied on habeas review because the state court of appeals decision denying the claim was not contrary to the clearly established law of the United States Supreme Court. To the extent Petitioner argued that Ohio Rule 11 was violated, the Magistrate Judge recommended that the claim be dismissed.

As noted above, Petitioner did not file timely objections to the supplemental R&R.[1] Where a party fails to file objections to an R&R, the Court reviews for clear error. Therefore, having found no error in the Magistrate Judge's recommendation relating to Petitioner's third ground for relief, the Court accepts the recommendation.

**C. Ground Four**

Petitioner's fourth ground for relief, ineffective assistance of trial and appellate counsel, is based on counsel's alleged failure to argue that the imposition of consecutive sentences for allied offenses would result in a double jeopardy violation. The Magistrate Judge recommended denying this claim for relief because the state court of appeals reasonably determined that counsel's performance was not constitutionally deficient under *Strickland v. Washington*, 466 U.S. 668 (1984). Similar to Petitioner's objections relating to Grounds One and Two, his

---

[1] Although the Magistrate Judge's initial R&R did not provide a recommendation relating to Petitioner's third ground for relief, the Petitioner's brief objecting to that R&R nonetheless includes a section addressing the third ground for relief. Because this briefing does not, and could not, relate to the recommendation contained in the later issued Supplemental Report and Recommendation, the Court need not consider it.

objections here are either lacking in the level of specificity required to trigger *de novo* review or based on alleged violations of state law which are non-cognizable.  Petitioner's objections relating to his fourth ground for relief are accordingly overruled, and the Magistrate Judge's recommendation thereto is accepted.

### D. Ground Five

Petitioner's fifth ground for relief asserts that his constitutional rights were violated when the state court of appeals disregarded the law.  The Magistrate Judge recommended dismissing this claim because it is procedurally defaulted.  Petitioner has not objected to this recommendation.  Therefore, because the recommendation is not clearly erroneous, it is accepted.

### IV. Conclusion

For the foregoing reasons, the Petitioner's objections are overruled, the Magistrate Judge's initial and supplemental R&Rs are adopted, and the Petition is dismissed in part and denied in part, as set forth above.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster    6/9/2016*
**Dan Aaron Polster**
**United States District Judge**